**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) ) | No. 2:25-cv-02967-SHL-atc |
| CURTIS A. RUSH, MAEGAN E. RUSH, AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF VETERANS AFFAIRS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING THE PARTIES' JOINT MOTION FOR ENTRY OF CONSENT
ORDER FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff PennyMac Loan Services, LLC ("PennyMac"), and Defendant United States of America's Joint Motion for Entry of Consent Order, filed July 27, 2026.  (ECF No. 20.)  Although styled as a joint motion for entry of a consent order, the Motion seeks (1) entry of judgment against Defendants Curtis A. Rush and Maegan E. Rush, and (2) authorization of public sale of the property in dispute in this case.  Thus, the Court will construe the Motion as a Motion for Default Judgment.

On January 20, 2026, PennyMac filed its Motion for Extension of Time to Serve Process. (ECF No. 11.)  The Court noted that PennyMac "demonstrated diligence in its attempted service on the Rushes following the filing of the complaint," however, PennyMac's efforts waned and were less than diligent prior to its motion for extension.  (ECF No. 13 at PageID 195.) Nevertheless, the Court granted the extension.  (Id.)

On March 17, 2026, PennyMac filed a Motion for Substituted Service by Publication, asserting it had "exhausted all possible options" to complete personal service on the Rushes.

(ECF No. 16 at PageID 202.)  The Court granted that motion, authorizing Plaintiff to publish a copy of the summons addressed to the Rushes in The Daily News once a week for four consecutive weeks.  (ECF No. 17.)  Plaintiff filed proof of publication for the required four-week period, (ECF No. 19), and now seeks entry of "judgment in favor of Plaintiff" and an order authorizing "the Subject Property [to be] sold at public sale."  (ECF No. 20-1 at PageID 220.)  The Rushes have not appeared or otherwise responded.

Nevertheless, before a court may enter default judgment, Federal Rule of Civil Procedure 55 requires that default first be entered by the clerk against a party who "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Only after the Clerk has entered default may a party seek default judgment under Rule 55(b).  No entry of default has been requested or entered, and a consent order—signed by one defendant—does not allow Plaintiff to bypass the procedural prerequisites of Rule 55.

Accordingly, Plaintiff's request is premature, and the Court, construing the "Joint Motion for Entry of Consent Order" as a motion for default judgment, **DENIES** the Motion without prejudice under Rule 55(a).  Nothing in this Order precludes PennyMac from seeking proper entry of default from the Clerk, and, thereafter, filing an appropriate motion consistent with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED,** this 28th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE